UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Cockett Marine Oil US, Inc., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Bravo Global Supply, LLC, § <br> § <br> Defendant, § <br> § <br> and § <br> § <br> Wells Fargo Bank, N.A., § <br> Manson Construction Co., § <br> § <br> Garnishees. § <br> _____§ | Cause No.: 1:24-cv-01440-RP <br><br> IN ADMIRALTY, Fed.R.Civ.P. Rule 9(h) |

OBJECTION OF DEFENDANT BRAVO GLOBAL SUPPLY LLC TO PLAINTIFF'S NEW EVIDENCE AND ARGUMENT IN ITS REPLY TO BRAVO'S RESPONSE (DOC. 39) TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 31)

COMES NOW Defendant Bravo Global Supply LLC Objecting to the Evidence and Argument of Plaintiff Raised for the first time in its Reply (Do0c. 39) supposedly Supporting Its Summary Judgment Motion.

I. SUMMARY OF ARGUMENT

In its Motion for Summary Judgment ("Motion"), Plaintiff in a fragment of one sentence at the last paragraph of its Motion asserted that the Court should order that execution of a judgment for Cockett not be stayed pursuant to FED.R.CIV.P. 62. Plaintiff proffers for the first time in its "Reply" brief, a letter dated November 1, 2024, which it has had in its possession for over five months and presents four pages of argument and citations never presented or even alluded to in its Motion. Bravo objects to being sandbagged.

Objection of Defendant Bravo to Plaintiff's New Evidence and Arguments

Plaintiff also misrepresents the status of proceedings in Delaware.

The Court should disregard Plaintiff's evidence and argument raised for the first time in its "Reply" brief and should disregard Plaintiff's misrepresentations of the status of proceedings in Delaware.

II. <u>BRAVO OBJECTS TO CONSIDERATION OF EVIDENCE AND ARGUMENTS PRESENTED FOR THE FIRST TIME IN PLAINTIFF'S REPLY BRIEF</u>

Plaintiff presents for the first time a letter dated November 1, 2024, a letter it has had in its possession for over five months, arguing for the first time that Bravo's threatened "imminent" bankruptcy, five months ago. (Doc. 39-1) There was nothing that prevented Plaintiff from presenting its evidence and making its argument in its Motion; it even had ten additional pages available to do so. (Doc. 31) Bravo would then have had a fair opportunity to respond to such in its Response as the rules intend. Instead, Plaintiff chose to sandbag Defendant. Plaintiff's evidence and argument should not be considered.

III. <u>PLAINTIFF MISREPRESENTS THE STATUS OF PROCEEDINGS IN DELAWARE</u>

Plaintiff creates a specter of Bravo somehow dissipating the assets held under attachment in Delaware immediately upon the Court entering an order vacating that attachment. (Doc. 39, P. 2) Apparently Plaintiff has forgotten that Bravo's motion to vacate is only one of two motions to vacate that are pending in the Delaware action. Nalex Energy LLC has also challenged Plaintiff's attachment there on the ground that the money under attachment belongs to it, not Bravo (Doc. 1, P. 5, ¶ 26) and therefore, Plaintiff had no right to attach it. (Delaware D.I. 24) Even if the Delaware Court were to vacate Plaintiff's attachment on Bravo's motion, that does not mean that Bravo would immediately have access to the funds in the account and dissipate them. Nalex' motion asserts that the funds under attachment there belong to it. (Delaware D.I. 24) Bravo filed a

2

Declaration supporting such argument (Delaware D.I. 24-2) so its ability immediately to access those funds and dissipate them is a fiction of Plaintiff's imagination.

Thus, the funds attached in Delaware are not subject to execution here but will require Plaintiff to take any judgment entered here to Delaware, domesticate the judgment and then submit it to the Delaware Court to sort out the priorities. Dissipation of the funds by Bravo are far from imminent if the Court allows the normal Rule 62(a) stay to occur.

IV. <u>PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES HERE WILL BE CONTESTED</u>

Plaintiff asserted in its Motion that it was entitled to costs and fees, citing to its contract with Bravo. (Doc. 31, P. 4) Thus, they are an element of Plaintiff's breach of contract claim. For the reasons stated in Bravo's opposition, Plaintiff's claim for costs and fees under its conflicting contract provisions will be contested as to whether what is submitted is reasonable. Bravo does not anticipate that Plaintiff will confine its demand to "reasonable" costs and fees. Thus, further litigation lies ahead.

V. <u>CONCLUSION</u>

The Court should ignore Plaintiff's new evidence and arguments that should have been presented in its motion. The Court should also disregard Plaintiff's misrepresentations of the status of proceedings in its first filed action in the District of Delaware.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  23 April 2025 | *J. C. Winton* |
|  | James C. Winton |
|  | Texas Bar No. 21797950 |
|  | 2785 Spout Lane |
|  | Lusby, Maryland  20657 |
|  | 713-824-4132 |
|  | svcenturion@outlook.com |
|  |  |
|  | Attorney for Defendant |
|  | Bravo Global Supply LLC |

4

CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of April 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Scott Wiehle | J. Stephen Simms |
| Joseph D. Austin | Simms Showers LLP |
| Kelly Hart & Hallman, LLP | 201 International Circle, Suite 230 |
| 201 Main Street, Suite 2500 | Baltimore, Maryland  21030 |
| Fort Worth, Texas  71602 | |

DATED:  23 April 2025

*J. C. Winton*
James C. Winton

5